(September 24, 2014)

■ Zhabinez Assemi, Respondent, v Raymond L. Levan et al., Appellants, et al., Defendant. [992 NYS2d 443]—

In an action to recover damages for personal injuries, the defendants Raymond L. Levan and the Town of North Hempstead appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated March 26, 2013, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the

subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the appellants failed to adequately address the plaintiff's claim, set forth in the bills of particulars, that she sustained a serious injury to the lumbar region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

Since the appellants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Therefore, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.